

U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 24, 2025

Daniel J. Cloherty
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02110

      Re:    United States v. Cedric Cromwell
                Criminal No. 20-10271-NMG-1

Dear Mr. Cloherty:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Cedric Cromwell ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

      1.    Change of Plea

      As soon as possible, Defendant will plead guilty to counts Eleven to Fourteen of the Superseding Indictment: Filing False Tax Returns, in violation of 26 U.S.C. § 7206(1). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

      2.    Penalties

      Defendant faces the following maximum penalties on each of Counts Eleven to Fourteen: incarceration for three years; supervised release for one year; a fine of $100,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Indictment.

      3.    Rule 11(c)(1)(C) Plea

      In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement as to Counts Eleven to Fourteen in the Superseding Indictment, the Court must include the agreed disposition

1

in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant move to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.      The Extortion Offenses

The trial court severed Counts One-Ten of the Superseding Indictment from Counts Eleven-Fourteen. Counts One-Ten were tried to a jury from April 22, 2022, to May 5, 2022. On May 5, 2022, the jury found Defendant guilty on Counts Two and Three, charging Federal Programs Bribery, in violation of 18 U.S.C. § 666(a)(1)(B). The jury also found Defendant guilty on Counts Six-Eight and Ten, charging Extortion and Conspiracy to Commit Extortion, in violation of 18 U.S.C. § 1951 (the "Extortion Offenses").[1] The trial court subsequently entered judgment of acquittal on the Extortion Offenses. As to Counts Two and Three, the trial court sentenced Defendant to 36 months of imprisonment, one year of supervised release, a $200 mandatory special assessment, a $25,000 fine, restitution of $209,678.54 payable to the Mashpee Wampanoag Tribe, and forfeiture of $11,849.37 and a Bowflex Revolution home gym (Doc. Nos. 333, 336, 387).

Defendant and the United States filed cross-appeals. The United States Court of Appeals for the First Circuit reversed Defendant's convictions on Counts Two and Three, reversed the judgment of acquittal on the Extortion Offenses, and remanded the case for further proceedings. *United States v. DeQuattro and Cromwell*, 118 F.4th 424 (1st Cir. 2024), *cert. denied*, No. 24-6364 (May 19, 2025).

The Sentencing Guidelines and Agreed Disposition set forth in Sections 5 and 6 below include both the Extortion Offenses, on which Defendant has been found guilty by a jury, and Counts Eleven-Fourteen of the Superseding Indictment (the "Tax Offenses"), on which Defendant is now agreeing to plead guilty.

5.      Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 24:

> a) Defendant's offense level for the Extortion Offenses is 24, calculated as follows:

---

[1] Defendant was found not guilty on Counts One and Nine of the Superseding Indictment. Defendant was not charged in Counts Four-Five.

2

   i. Defendant's base offense level is 14, because Defendant was a public official (USSG § 2C1.1(a)(1));

   ii. Defendant's offense level is increased by 2, because Defendant's offense involved more than one bribe or extortion (USSG § 2C1.1(b)(1));

   iii. Defendant's offense level is increased by 6, because the value of the benefits obtained by Defendant was more than $40,000 but less than $95,000 (USSG §§ 2C1.1(b)(2), 2B1.1(b)(1)(D));

   iv. Defendant's offense level is increased by 4, because Defendant was an elected public official (USSG § 2C1.1(b)(3)); and

   v. Defendant's offense level is decreased by 2, because Defendant has no criminal history points and Defendant has met the other requirements of the zero-point-offender guideline (USSG § 4C1.1).

b) Defendant's offense level on the Tax Offenses is 11, calculated as follows:

   i. Defendant's base offense level is 14, because the tax loss was more than $40,000 but less than $100,000 (USSG §§ 2T1.1(a)(1), 2T4.1(E));

   ii. Defendant's offense level is increased by 2, because Defendant failed to report the source of income exceeding $10,000 in any year from criminal activity (USSG § 2T1.1(b)(1));

   iii. Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1); and

   iv. Defendant's offense level is decreased by 2, because Defendant has no criminal history points and Defendant has met the other requirements of the zero-point-offender guideline (USSG § 4C1.1).

c) The Extortion Offenses and the Tax Offenses are not grouped together because they do not involve substantially the same harm (USSG § 3D1.2).

d) The Tax Offenses are disregarded because they are 9 or more levels less serious than the Extortion Offenses (USSG § 3D1.4(c)).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 6, if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the Tax Offenses; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

6. <u>Agreed Disposition</u>

The parties agree on the following sentence for the Tax Offenses and the Extortion Offenses:

    a) Incarceration for 42 months;

    b) 12 months of supervised release;

    c) a mandatory special assessment of $800, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    d) restitution of at least $61,085 payable to the Internal Revenue Service;

    e) restitution of $209,678.54 payable to the Mashpee Wampanoag Tribe; and

    f) forfeiture as set forth in Paragraph 8.

Defendant must, within six months following release from custody:

    a) cooperate with the Examination and Collection Divisions of the IRS;

    b) provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    c) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    d) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

Defendant agrees that all criminal monetary penalties imposed, including special assessment, restitution, fines, and forfeiture, shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

7. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction on the Tax Offenses, and the right to challenge Defendant's sentence on the Tax Offenses and the Extortion Offenses, on "direct appeal."[2] This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction on the Tax Offenses, or overturn Defendant's sentence on the Tax Offenses and the Extortion Offenses. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction on the Tax Offenses, or Defendant's sentence on the Tax Offenses and the Extortion Offenses, should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on the Tax Offenses on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence</u> on the Tax Offenses and the Extortion Offenses, including any court orders related to forfeiture, restitution, fines, or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 6.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction on the Tax Counts, and Defendant's sentence on the Tax Counts and the Extortion Counts, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

---

[2] Defendant has exhausted his right to appeal his conviction on the Extortion Offenses.

8.  <u>Forfeiture</u>

Defendant understands that the Court will enter an order of forfeiture as part of Defendant's sentence on the Extortion Offenses, and that the order of forfeiture may include assets directly traceable to the Extortion Offenses, assets used to facilitate the Extortion Offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the Extortion Offenses.

The assets to be forfeited specifically include, without limitation, the following:

   a. $51,849.37 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment); and

   b. A Bowflex Revolution home gym (the "Bowflex").

Defendant admits that $51,849.37 is subject to forfeiture because it is equal to the amount of proceeds Defendant derived from the Extortion Offenses.

Defendant also admits that the Bowflex is subject to forfeiture because it is directly traceable to the Extortion Offenses. Defendant acknowledges that Defendant agreed that the government could proceed with the forfeiture and disposal of the Bowflex notwithstanding Defendant's then-pending appeal, *see* Doc. 351 n.1; that a Final Order of Forfeiture entered as to Bowflex, Doc. 387; and that the government disposed of the Bowflex. Defendant agrees to consent to any clarifying motions, notices, or entry orders of forfeiture regarding the Bowflex or any proceeds from the Bowflex to maintain the assets as forfeited.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the Extortion Offenses and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States,

including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture as identified in this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and/or Defendant's guilty plea to the Tax Offenses.

10.  Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea to the Tax Offenses. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring

7

before the date of this Agreement.

11.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12.  Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Christine Wichers.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
DUSTIN CHAO
Chief, Public Corruption Unit

_____
CHRISTINE WICHERS
JARED DOLAN
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately represents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the tax crimes I am pleading guilty to and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines for the tax crimes with my lawyer, and I understand the sentencing ranges that may apply.

I understand that this letter binds me to a specific sentence not only for the tax crimes that I am pleading guilty to, but also for the extortion crimes on which a jury has found me guilty. I understand the maximum penalties for the extortion crimes. I have discussed the Sentencing Guidelines for the extortion crimes with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the tax charges against me, possible defenses I might have to the tax charges, and whether I should go to trial. We have also discussed whether I should agree to a specific sentence on the extortion charges.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the tax crimes, and I believe the Agreement, including the sentence I am agreeing to for both the tax crimes and the extortion crimes, is in my best interest.

_Cedric Cromwell_
Cedric Cromwell
Defendant

Date: 6/25/25

I certify that Cedric Cromwell has read this Agreement and that we have discussed what it means. I believe Cedric Cromwell understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_Daniel J. Cloherty_
Daniel J. Cloherty
Attorney for Cedric Cromwell

Date: 6/25/25